HALL, Judge.
This is a suit to confirm and quiet a tax title to five vacant and unimproved lots of ground in the City of New Orleans which we shall designate briefly as Lots 8, 9, 10, 11 and 12 in Square 33 of Metairie Park Subdivision. After trial on the merits judgment was rendered in favor of plain *873 tiff confirming his title to the five lots, and defendant appealed.
The five lots were acquired by the defendant from Richard T. McBride on May 29, 1929 under a description which reads in part as follows:
“Five certain lots of ground * * * in Square No. 33, of Metairie Park Subdivision * * * designated by the Nos. 8, 9, 10, 11 and 12 * * *.”
On June 17, 1932 certain properties were adjudicated to the City of New Orleans for non-payment of City taxes for the year 1929, and on December 30, 1932 the Honorable Robert Legier, city notary, passed an act confirmatory of such adjudication. Among the properties described in this Act as having been adjudicated to the City on June 17, 1932 we find the following:
“ 18. Richard T. McBride
“Two certain lots of ground and improvements thereon, situated in the Seventh District of the City of New Orleans, designated as lots 8 and 12 in Square 33 * * * Metairie Park Subdivision * * *
“Adjudicated for the sum of eleven and 75Aoo Dollars.”
The City of New Orleans at a public sale held on October 10, 1952 pursuant to the provisions of LSA-R.S. 33 ¡2861-2873 adjudicated to plaintiff property which in the confirmatory act of Honorable Jacob H. Morrison, city notary, dated November 20, 1952 is described in part as follows:
“Five certain lots of ground in the Seventh Municipal District * * * designated as lots 8, 9, 10, 11 and 12 in Square 33 * * * Metairie Park Subdivision.”
The public advertisement forming the basis of this sale reads in part as follows:
“McBride, Richard T., and/or Scharfenstein Motors Inc. $375.95 Seventh Municipal District * * * Square No. 33, Lot Nos. 8-12 * * * Metairie Park S. D. * * *.”
Plaintiff filed suit confirm his title to the five lots Nos. 8, 9, 10, 11 and 12 on September 11, 1956. While the suit was pending, untried, plaintiff obtained from the City of New Orleans an “Act of Correction of Tax Sale” wherein it is recited that the Act of Robert Legier, City Notary, of December 30, 1932 erroneously described the property adjudicated to the City as being “Two certain lots of ground * * * designated as lots 8 and 12 in Square 33 * * ^ ”, whereas in truth and in fact the correct description thereof “as set forth in the public advertisement thereof” was as follows:
“Seventh Municipal District * * * Square No. 33, Lots 8-12 * * * Metairie Park S. D. * *
and the City of New Orleans thereupon acknowledged that the latter description is the correct description of the property acquired by it for the unpaid taxes of 1929.
Defendant urged several defenses in the trial court which we must consider as having now been abandoned by it, for the only contention made by the defendant here is that the City did not acquire Lots Nos. 9, 10 and 11, and consequently could not convey them to the plaintiff.
Plaintiff urges the five-year preemption provided in Art. 10, Section 11 of the Louisiana Constitution. Plaintiff further contends that the description of the lots as “lots 8-12” contained in the advertisement preceding the 1932 adjudication to the City means lots 8 and 12 and all intervening numbered lots, and that the Legier Act contained a purely typographical error wherein the stenographer changed a dash to the word “and”. Of course the error, if error it was, amounted to more than that because the Legier Act refers to the property as “two lots”.
*874 However the record does not contain a copy of the advertisement which formed the basis of the adjudication to the City in 1932. We do have a copy of the advertisement preceding the 1952 adjudication to plaintiff, and plaintiff assumes that the 1932 advertisement described the property in the same way the 1952 advertisement described it because the purely ex-parte, self-serving, “Act of Correction” by the City indicates that the two advertisements are similar.
The record furthermore does not contain a copy of the proces-verbal of adjudication by the Commissioner of Public Finance which formed the basis of the Legier Act. Without having had the opportunity of examining the advertisement and proces-verbal we are unable to say that the Legier Act was erroneous in any respect, and we will not attempt to discuss the effect of an error not presently shown to exist. If an examination of the advertisement and proces-verbal should show no error in the Legier Act that will end the case.
The Legier Act contains a perfect description of the two lots, 8 and 12, and plaintiff’s title to these two lots is protected by the five year constitutional preemption. Unless it can be shown that the City of New Orleans acquired title to lots 9, 10 and 11 by virtue of the adjudication of June 17, 1932, the title to these lots remains in the defendant.
In the interest of justice the judgment appealed from is now set aside and the case is remanded to the district court with instructions to receive in evidence a certified copy of the advertisement and a certified copy of the proces-verbal of adjudication by the Commissioner of Public Finance which preceded and formed the basis of the Legier Act of December 30, 1932, and for further proceedings according to law not inconsistent herewith, costs of both Courts to await final determination of the cause.
Judgment set aside and case remanded with instructions.